UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EVAN WILES,                              :

       Plaintiff                 :        CIVIL ACTION NO. 3:20-1182

   v.                                  :              (JUDGE MANNION)

PA DEPT OF CORR, *et al.*,              :

       Defendants               :

## MEMORANDUM

**I. BACKGROUND**

Plaintiff, Evan Wiles, an inmate confined at the State Correctional Institution, Coal Township ("SCI-Coal Township"), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). He complains of an incident that occurred at his former place of confinement, the State Correctional Institution, Huntingdon ("SCI-Huntingdon"), Pennsylvania. Id. Specifically, he claims that Defendants were deliberately indifferent to his health and safety when they required him to wear a strapless clog and then were deliberately indifferent to his alleged injury as a result of a sprain he claims he suffered when he slipped out of the strapless clog. Id. Defendants are the Pennsylvania Department of Corrections and the

following SCI-Huntingdon employees: Correctional Officers Walters, Cooper and Duval, Laundry Department Supervisor Hoops and Nurse Price. Id.

By Memorandum and Order dated August 26, 2021, this Court granted Defendant's motion to dismiss, finding Plaintiff's own exhibits demonstrated that Defendants were not deliberately indifferent to Plaintiff's health or safety. (Docs. 28, 29).

Presently before the Court is Plaintiff's motion for reconsideration of this Court's August 26, 2021 Memorandum and Order. (Doc. 31). For the reasons that follow, the Court will deny the Plaintiff's motion.

## II. Discussion

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence ... or (3) the need to correct a clear error of law or fact or to

prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." Gray v. Wakefield, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden'."). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."

Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff's main argument is that Defendant Duval "never filed an answer or otherwise defended himself", even though his "codefendants filed a motion to dismiss" and "because Defendant Duval didn't comply with FRCVP 4(d)(3), he should not be dismissed from this action and due to that this case should be opened for further litigation." (Doc. 32). The Court finds Plaintiff's argument completely meritless.

On August 20, 2020, waiver of service forms were returned executed as to all named Defendants, including Duval, (Doc. 9) and a notice of appearance was filed by counsel on behalf of all Defendants, including Duval. (Doc. 10). Although Defendants brief in support of their motion to dismiss does not specifically identify Defendant Duval in the caption of the brief, Defendants' motion to dismiss is captioned "Motion to Dismiss of Department of Corrections Defendants," (Doc. 12), of which Defendant Duval is an employee. Thus, Plaintiff was on notice that Defendants were seeking dismissal of all DOC Defendants, including Defendant Duval, and his motion will be denied.

With respect to Plaintiff's second argument that this Court did not address the merits of Plaintiff's state tort claims, the Court notes that aside

from Plaintiff's statement that "[t]his Court has supplemental jurisdiction over Plaintiff's State Tort Claims pursuant to U.S.C. §1367," (Doc. 1 at 1), the complaint is completely devoid of any factual allegations supporting any state tort claims. Thus, no tort law claims were presented for this Court to address. Regardless, based on the Court's decision in its August 26, 2021 Memorandum and Order, principles of comity and judicial economy suggest that this Court, in its exercise of discretion, would have declined to address any pendent state law claims. See Patel v. Meridian Health System, Inc., 666 Fed.Appx. 133, 136 (3d Cir. 2016) (finding district court did not abuse its discretion in declining to exercising supplemental jurisdiction over appellants' remaining state law claims "[g]iven the absence of federal claims and of any extraordinary factors warranting supplemental jurisdiction").

## VI. CONCLUSION

For the reasons set forth above, this Court finds that its Memorandum and Order of August 26, 2021, is not troubled by manifest errors of law or fact and Plaintiff has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 13, 2022**
20-1182-02